1825.

CLARKSON
v.
DE PEYSTER.

---

The ORPHAN ASYLUM SOCIETY in the city of New York,
v.
PETER McCARTEE, RICHARD CUNNINGHAM, JOHN ANTHON, PIERRE TELLER and ELIZABETH TELLER.

P. J. being seized and possessed of a considerable real and personal estate, devised and bequeathed the same to trustees, in trust, after the payment of legacies, and upon contingencies which afterwards happened, for the complainants, a corporation. One of the trustees having received a large amount of personal property, and being in the receipt of the rents and profits of the real property, the complainants filed their bill against the trustees, to obtain the benefit of the devise, and moved on the bill for the appointment of a receiver.

Held, that on this motion, the court will not take into consideration the question whether the devise is valid, or not.

That the trustee mixes the trust funds with his own, is not a sufficient ground for the appointment of a receiver.

The true principle which governs the discretion of the court in this case, is, that the fund must be in danger.

It is not enough that the trustee may have no rights, and that no injury can ensue; especially where the trustee is such under the appointment of a testator.

THE complainants had formerly filed their bill against the defendants McCartee and others, which bill was dismissed, upon the motion stated above, p. 106.

They subsequently moved to discharge the order of dismission, which motion was denied: see above, p. 372.

On the 16th of May 1825, the complainants filed a new bill stating in substance as follows:

1825.
May.

Receiver.

55

1825.

ORPHAN ASY-
LUM
v.
McCARTEE.

That Philip Jacobs, late of the city of New York, deceased, being seized of a considerable real and personal estate, made his last will and testament, bearing date the 7th of September 1818, containing among other things the following clauses :

Item.  It is my will that all the legacies hereinafter mentioned, be paid out of my personal estate, and that my executors do turn the same into cash as soon as may be, and for that purpose,

I give to each of my executors, or such of them as shall undertake the execution of this my last will and testament, the sum of three hundred dollars for their trouble, &c.

I do give and bequeath unto the Orphan Asylum Society in the city of New York, the sum of two thousand dollars, to be disposed of by them for the benevolent purposes for which they were incorporated.

Item.  I do hereby give and bequeath unto my beloved wife Elizabeth, the sum of six thousand dollars, to be received by her in lieu of all dower to which she might by law be entitled out of my real estate, and also in lieu of all claims on her part out of certain marriage articles, duly executed previous to my marriage with her : and should the said Elizabeth be willing to receive the said sum of six thousand dollars, in lieu of her dower, and of her claims under the said articles, I do hereby direct that previous to the payment thereof by my said executors, the said Elizabeth do, in conjunction with my said executors, cancel the said marriage articles, and execute such release of her right to dower out of my real estate, as counsel learned in the law may devise or advise : and it is further my will that my said wife make her election to take under this my last will and testament, or under said marriage articles, within thirty days after she may receive notice of this bequest after my decease.

Item.  It is my will that if at the time of my decease there shall be any child of mine alive, that then all the rents and profits of my real estate shall be received by the executors hereinafter named, or the survivor or survivors of them, and be applied by him or them to the support, maintenance and education of such child, until such child shall attain the age of twenty one years or intermarry, and if from the yearly

application of such rents and profits to the purposes aforesaid, there should be a surplus remaining, the said executors or the survivor or survivors of them shall from time to time, in his or their discretion, invest the same in some safe stock, for the benefit of such child.

Item. After the payment of all legacies and other bequests contained in this my last will, I do hereby give, devise and bequeath, all the rest, residue and remainder of my estate, real and personal, to the Orphan Asylum Society, in the city of. New York, to be applied to the charitable purposes for which said association was established : this bequest to take effect immediately after all debts and legacies are paid, if I shall leave no child at the time of my death ; or if I shall leave a child, then upon the death, intermarriage, or attaining the age of twenty one years by such child.

Item. I do hereby devise and bequeath unto my said executors and the survivor and survivors of them, or such of them as may act in the premises, all my real estate, of whatsoever nature or kind the same may be, subject to the trusts aforesaid. And it is my will that whenever such child shall attain the age of twenty one years, or marry, that my real estate be sold by my said executors, or the survivor or survivors of them, or such of them as may act herein ; and the one half of the proceeds thereof be paid to my said child, if the said child shall attain the age of twenty one years or marry. And lastly, I do appoint my friends Peter McCartee, Richard Cunningham and John Anthon, executors, &c.

That the testator died in October next following, leaving his wife the defendant Elizabeth, enseint of a female child, which was born in January 1819, and died in 1821 ; and that he had no other child. That the defendants McCartee, Anthon and Cunningham duly proved the will, and they or some of them took possession of the personal estate to a great amount, and also entered upon the real estates, and have received the rents and profits to the present time ; and that the said executors have paid all the testator's debts, funeral charges and legacies, except the legacy of six thousand dollars to the defendant Elizabeth, and have in hand a large amount of per-

sonal estate unaccounted for. That the widow Elizabeth has since intermarried with the defendant Teller, and on the events aforesaid, the complainants had a good and perfect right to the whole of the real estate whereof the testator died seized, and to the residue of the personal estate, subject to the rights of the defendants Teller and wife ; and that the defendants Teller and wife, are willing that the executors should account with the complainants for the estate in their hands, subject as aforesaid, and that Elizabeth has elected not to receive the legacy of six thousand dollars in lieu of her dower.

The complainants claim to be let into the possession of the real estate, and to have proper conveyances, subject to the dower of the defendant Elizabeth, and to have an account of the personalty.

The bill then charged more particularly, that the defendant Peter McCartee has possessed himself alone of the personal property, and has received the rents and profits of the real property, which have accumulated now to more than twenty thousand dollars, and that he refuses either to account with the complainants, or to pay over the balance, or to surrender to them the possession of the real property. " And your " orators do expressly charge, that the said Peter McCartee " has mingled the said trust monies, from time to time as the " same have been received by him, with his own moneys, and " has not kept the same separate, nor invested the same in " public securities, or put the same out at interest for the " benefit of the said trust estate, as it was his duty to have " done."

Upon this bill, which was sworn to, the complainants now moved for the appointment of a receiver.

The defendant Anthon filed a written consent to the motion.

The defendant Peter McCartee put in an affidavit, that he had paid the complainants their legacy of two thousand dollars, and also the further sum of eight thousand dollars, which he verily believes exceeds the amount of the residuary legacies, to which the complainants are entitled : and that he had received the rents and profits of the real estate, for which he had not accounted to the complainants, being advised that the complainants are not entitled.

Mr. D. B. Ogden for the motion.

A large amount of property is disposed of by this will, the intent of which is not doubtful. And if there be any point of doubt, so much at least is clear, that the testator did not intend the estate for the defendant. But the defendant accounts to no one, and the rents and profits are accumulating to a large amount.

The defendant McCartee's affidavit very much narrows the ground of fact. It does not deny the amount accumulated in his hands, nor that he mingles the amount with his own funds, nor pretend that he keeps separate accounts, nor set up any adverse claim.

This amounts to misconduct; and any misconduct in a trustee is always a good ground for a receiver. 1 John. ch. 58. 12 Ves. 4. And it may be done before answer. 2 Bro. c. c. 158.

Mr. Emmet, for Teller and wife, observed that though the widow had renounced her legacy, yet the acting trustee McCartee contests her dower, on the ground of an antenuptial contract, but without the least pretence of any interest of the trustees in the fund. Whoever is entitled to this fund, the present holder has no right to it.

Mr. Henry and Mr. Slosson for McCartee. These are trustees appointed by the testator himself, in which case the court is more tender of interfering.

The devise to them was to support the contingent estate. Their possession was, therefore, at first rightful, and it was uncontested till the death of the child.

Suppose the right to the property uncontested, here is no sufficient foundation for a receiver. Here is no charge of waste, insolvency, or danger to the fund; nor that he makes use of the moneys. Nothing binds the trustee to keep the money separate, or in any particular manner. That it is safe is enough. 3 Mer. 697. 12 Ves. 4. 13 Ves. 266. And to appoint a receiver before answer is not usual. 2 Mad. ch. 187.

The devise to the complainants, being a corporation, is void. 1 Rev. laws, 364. There can be no right to devise lands, except by statute, or by special custom : and the statute

1825.

ORPHAN ASY-
LUM
v.
McCARTEE.

excepts devises to corporations. Wright. ten. 171. Lit. 167. Co. Lit. 111. b. 2 Bl. com. 375. Powel. dev. 1. 10. 2 Caines er. 337.

McCartee is answerable to the heir at law, who is not before the court, and so no decree in this cause would protect the trustee. The court interferes against the legal estate with great reluctance; and never, unless upon a charge of fraud. 3 Mer. 697.

There is a short answer to the interference of the widow : why does she not sue for her dower ?

Neither can it be alleged that if the realty be not devisable, the proceeds of a sale are so. For first, the power to sell ceased at the death of the child. Next, the proceeds are no more devisable than the land. Nor can the statute be evaded by constituting a trust. 2 Fonb. eq. 212. 213. In England before the statute of 9 Geo. such devises were held good, merely as charitable appointments, under the statute of 43 Eliz. Ib. But that statute was never enacted here ; and the devise will not so operate in England since the 9 Geo. repealing that of Eliz. And after the statute of frauds, Car. 2. they could not operate as charitable appointments unless executed as wills of lands. 2 Bl. com. 375.

The devise then is a resulting trust, for the heir at law. 1 Cruise D. 476. The trust will descend as legal estate.

MR. BOYD, in reply observed, that the main question had been well considered by the counsel for the complainants. He did not think this a fit time to enter into it ; but had the utmost confidence in the grounds on which they expect to support the devise.

Prima facie, the complainants have right and the defendants have none. · 1 Ves. and B. 187.

The defendant McCartee has made an affidavit, and does not set up an heir. In point of fact, the testator had no heir of heritable blood. If necessary, the bill will be amended to state that fact.

If any of the trustees refuse to act it is a motive for appointing a receiver. 3 Mer. 695. And a trustee ought not to be a receiver. 15 Ves. 586. And a receiver may be appointed when there is no trustee, or if there is danger of loss.

'This defendant denies the real trust. And yet he takes re-
fuge under the character of trustee.

THE COURT said that it was not necessary to consider the
main question of right, which for the present, must be treated,
as resting in equilibrio. The real intention of the testator is
not doubtful; but this devise, like all others, must be subject
to the rules of law.

The only important ground of this motion, is, that the
trustee mixes the trust funds with his own; and I think that
fact not sufficient for the appointment of a receiver. It is not
alleged that the fund is in danger, nor denied that the trustee
keeps accounts.

Many trustees and many public agents keep their moneys
in no other manner; they mix the trust funds with their own
funds in bank or in coffers; and it is not deemed a breach of
duty.

It is said that the appointing of a receiver rests in discre-
tion. This proposition does not teach much. A receiver is
proper, if the fund is in danger; and this principle reconciles
the cases found in the books. There is no case, in which the
court appoints a receiver, merely because the measure can do
no harm; and still less, when the trustee is such under the
appointment of a testator. If such reasons could operate, a
receiver might be appointed for every trust. As this case
now stands before the court, the fund appears to be entirely
safe in the hands of the trustee.

The motion is therefore denied.